**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| MARIO D. BLUE, | Case No. 1:25-cv-01565 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jennifer Dowdell Armstrong |
| MISSOURI HIGHER EDUCATION LOAN AUTHORITY, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Mario D. Blue filed suit without a lawyer in State court against Defendant Missouri Higher Education Loan Authority ("MOHELA") alleging violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Ohio consumer protection laws. Defendant removed the case on the basis of federal question jurisdiction. In a previous case with similar claims, another Judge in the Northern District of Ohio enjoined Mr. Blue from filing any new lawsuits without first obtaining leave to do so. Pursuant to that Order, on July 28, 2025, the Court stayed this action and notified Plaintiff that it would dismiss the case after 30 days if he did not seek leave to proceed. On July 29, 2025, Plaintiff moved for leave to proceed.

**STATEMENT OF FACTS**

On April 17, 2025, Defendant mailed an installment bill for unpaid student loans to Plaintiff Mario D. Blue. (ECF No. 1-1, ¶ 7, PageID #8 & #13.) The total

amount due was $2,824.44 and the total balance was $38,309.13. (*Id.*) On April 29, 2025, Mr. Blue served MOHELA with a written request for debt validation, demanding MOHELA provide "the complete and unbroken chain of title for this alleged debt," a "complete payment history," a "true and correct copy of the original promissory note," and "legal justification and authorization." (*Id.*, ¶ 8, PageID #8 & #11–12.) Further, Mr. Blue notified MOHELA in his request that, until it satisfied his request, he demanded that it "cease all collection activities, including reporting any information about this alleged debt to any credit reporting agency." (*Id.*, PageID #12.) On May 8, 2025, Mr. Blue served MOHELA with a "final notice & opportunity to cure, disputed debt allegation," in which he accused MOHELA of multiple violations under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, and again asked it to cease all collection activities, among other things. (*Id.*, PageID #14–15.)

On May 15, 2025, MOHELA responded, informing Mr. Blue that he "may not have provided sufficient information in the correspondence for [it] to investigate the disputed information," and that "the correspondence is considered to be 'frivolous' or 'irrelevant.'" (*Id.*, PageID #16.) MOHELA stated that it "would like to assist you further by conducting an investigation," and asked for Mr. Blue to submit sufficient information and supporting documentation regarding the dispute. (*Id.*)

Mr. Blue provides no information that he ever responded to this request. Instead, he alleges that MOHELA "failed to provide sufficient validation or proof of ownership, assignment, or authority to collect on the alleged debt," and "continued

2

collection activities and reported the alleged debt negatively to the three major consumer reporting agencies." (*Id.*, ¶¶ 9–10, PageID #8.)

## STATEMENT OF THE CASE

Plaintiff filed suit against Defendant in State court and served Defendant on or about June 30, 2025. (ECF No. 1, ¶ 2, PageID #1.) Plaintiff alleges violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Ohio consumer protection laws. (ECF No. 1-2, ¶¶ 12–19, PageID #8–9.) Specifically, Plaintiff claims that Defendant violated: (1) 15 U.S.C. § 1692g(b) for "continuing collection activities without validating the debt"; (2) 15 U.S.C. § 1681s-2(b) for furnishing "inaccurate and unverifiable information to consumer reporting agencies" and failing to "conduct a reasonable investigation after receiving notice of Plaintiff's dispute"; and (3) Ohio Revised Code § 1345.02 for "failure to validate the debt while continuing to collect and report" resulting in "unfair, deceptive, and unconscionable conduct." (*Id.*) Plaintiff seeks actual and statutory damages, among other things. (*Id.*, PageID #8.)

On July 28, 2025, Defendant removed the case on the basis of federal question jurisdiction. (ECF No. 1, ¶ 5, PageID #2.) The same day, the Court stayed this action pursuant to an Order from another Judge in this District that enjoined Mr. Blue from filing any new lawsuits without first obtaining leave to do so. (ECF No. 4.) The Court notified Plaintiff that it would dismiss the case after 30 days if he did not seek leave to proceed. (*Id.*) On July 29, 2025, Plaintiff moved for leave to proceed. (ECF No. 5.)

3

## SERIAL FILINGS

Notably, this is not the first time that Mr. Blue has brought similar claims and arguments to those at issue here. He has filed suits against debt collectors. *See Blue v. Monarch Recovery Mgmt., Inc.*, No. 1:24-cv-2244, 2025 WL 638911 (N.D. Ohio Feb. 27, 2025); *Blue v. Midland Credit Mgmt., Inc.*, No. 1:22-cv-1518 (N.D. Ohio Nov. 2, 2022). Also, Mr. Blue has filed numerous cases challenging his child support collection under the Fair Debt Collection Practices Act. *See Blue v. Ryan*, No. 1:19-cv-00962 (N.D. Ohio Oct. 31, 2019); *Blue v. United States Dep't of Treasury Bureau of the Fiscal Serv.*, No. 1:19-cv-01681 (N.D. Ohio Nov. 14, 2019); *Blue v. United States Dep't of Treasury*, No. 1:19-cv-01926 (N.D. Ohio Dec. 27, 2019); *Blue v. Wendy R*, No. 1:20-cv-00134 (N.D. Ohio May 4, 2020); *Blue v. CSEA*, No. 1:20-cv-02423 (N.D. Ohio Feb. 24, 2021). Eventually, a Judge in this District permanently enjoined Mr. Blue from filing actions in the Northern District of Ohio without first seeking and obtaining leave to do so. *Blue v. CSEA*, No. 1:20-cv-02423, ECF No. 7 (N.D. Ohio Sept. 29, 2021).

Mr. Blue found a way to "bypass the enjoining Order" by filing his claims under the Fair Debt Collection Practices Act in State court, prompting the defendants to remove those cases to federal court. *Monarch*, 2025 WL 638911, at *3 (citing *Blue v. Fifth Third Bank*, No. 1:21-cv-01609 (N.D. Ohio Dec, 6, 2021); *Blue v. Capital One Auto Fin.*, No. 1:22-cv-00518 (N.D. Ohio Apr. 12, 2022); *Blue v. Midland Credit Mgmt., Inc.*, No. 1:22-cv-01518 (N.D. Ohio Nov. 2, 2022); *Blue v. Factual Data, Inc.*, No. 1:23-cv-01182 (N.D. Ohio Mar. 28, 2024); *Blue v. Trans Union, LLC*,1:23-cv-01125

(N.D. Ohio Sep. 18, 2024)). As the *Monarch* Court noted, all of these cases were dismissed as frivolous. *Id.* To prevent further use of this loophole to evade restrictions on Mr. Blue's ability to file, the Judge in *Monarch* permanently enjoined Mr. Blue from "filing or proceeding with any new lawsuits or other documents in this Court without first seeking leave of court . . . regardless of whether a case is filed in this federal court originally or transferred or removed to this Court by another federal or state court." 2025 WL 638911, at *4.

## ANALYSIS

In his motion for leave to proceed, Plaintiff "asserts that the claims presented in the Complaint are brought in good faith, are supported by facts and law, and do not constitute duplicative or frivolous litigation." (ECF No. 5, ¶ 3, PageID #34.) Not so. As noted earlier, Mr. Blue has filed dozens of frivolous lawsuits in the Northern District of Ohio challenging debts. "Blue has an extensive history of filing frivolous cases against his creditors in this Court." *Monarch*, 2025 WL 638911, at *3. Indeed, the Court recently dismissed a separate action filed by Mr. Blue against a debt collector for similarly frivolous claims under the Fair Debt Collection Practices Act. *See Blue v. FirstCredit, Inc.*, 1:25-cv-01563, ECF No. 8 (N.D. Ohio July 31, 2025).

As the Court observed in *FirstCredit*, it need not repeat the similar analyses that numerous other courts in the District have used to dismiss Mr. Blue's claims as frivolous. In short, none of Mr. Blue's claims have any merit. Under 15 U.S.C. § 1692g(b), "[i]f the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector

5

shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment," among other information it must acquire. Defendant informed Mr. Blue that it lacked sufficient information to investigate and requested further information and documentation so that it could "conduct[] an investigation." (ECF No. 1-1, PageID #16.) But Plaintiff provides no information that he ever responded. Nor has Plaintiff alleged any actions that Defendant took that specifically violated this statute, merely alleging that Defendant "continu[ed] collection activities without validating the debt." (*Id.*, ¶ 13, PageID #8.)

Plaintiff's other claims suffer from the same defect. It is unclear from the pleadings how Defendant "failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute" under 15 U.S.C. § 1681s-2(b) when Defendant attempted to correspond with Plaintiff for information to conduct an investigation. (ECF No. 1-1, PageID #16.) Further, Plaintiff's conclusory statement that Defendant's alleged "failure to validate the debt while continuing to collect and report constitutes unfair, deceptive, and unconscionable conduct under Ohio Revised Code § 1345.02" provides no guidance as to how any of the subsections of that statute apply. Nor is it evident to the Court how any of these subsections apply to Defendant's conduct in this case. Although the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891

F.2d 591, 594 (6th Cir. 1989). Plaintiff's conclusory statements, without more, do not suffice to state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In both *Monarch* and this case, Mr. Blue appears to have made "no attempt to apply [the] statutes to the facts of his case." *Monarch*, 2025 WL 638911, at *3. Therefore, the Court finds that Plaintiff's claims are "'so unsubstantial, frivolous and devoid of merit' that dismissal is required." *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam)).

## CONCLUSION

For all of these reasons, the Court **DISMISSES** this action **WITH PREJUDICE**.

**SO ORDERED.**

Dated: July 31, 2025

---
J. Philip Calabrese
United States District Judge
Northern District of Ohio